NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD THOMAS, | ) | No. C 12-1019 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT COUNSEL |
| vs. | ) | |
| WARDEN SUSAN HUBBARD, | ) | |
| | ) | |
| Respondent. | ) | (Docket Nos. 2, 3) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for leave to proceed in forma pauperis is GRANTED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.**     **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

1  cause why the writ should not be granted, unless it appears from the application that the
2  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

3  **B.    Petitioner's Claims**

4  Petitioner raises the following claims in his petition: (1) the pre-trial identification
5  procedure was improperly suggestive, and violated his right to due process; (2) trial counsel
6  rendered ineffective assistance and had a conflict of interest when he told the jury that Petitioner
7  was guilty of burglary; (3) appellate counsel had a conflict of interest; and (4) the prosecutor
8  committed misconduct during closing argument. Liberally construed, Petitioner's allegations are
9  sufficient to warrant a response.

10 **C.    Appointment of Counsel**

11 Petitioner has requested appointment of counsel in this action. However, the Sixth
12 Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*,
13 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court
14 to appoint counsel to represent a habeas petitioner if "the court determines that the interests of
15 justice so require," the courts have made appointment of counsel the exception rather than the
16 rule. Appointment is mandatory only when the circumstances of a particular case indicate that
17 appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d
18 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the
19 interests of justice do not require appointment of counsel. Accordingly, Plaintiff's request is
20 DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the
21 developments of this case dictate otherwise.

22 **CONCLUSION**

23 1.  Petitioner's motion for leave to proceed in forma pauperis is GRANTED.

24 2.  The Clerk shall serve by mail a copy of this order and the petition (docket no. 1)
25 and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney
26 General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

27 3.  Respondent shall file with the Court and serve on Petitioner, within **ninety days**
28 of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

1 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
2 granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of
3 the underlying state criminal record that have been transcribed previously and that are relevant to
4 a determination of the issues presented by the petition.

5       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6 Court and serving it on Respondent within **thirty days** of the date the answer is filed.

7       4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
8 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
9 2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,
10 Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
11 opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the
12 court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

13       5. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
14 all communications with the Court must be served on Respondent by mailing a true copy of the
15 document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
16 any change of address by filing a separate paper captioned "Notice of Change of Address."  He
17 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
18 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
19 41(b).

20     IT IS SO ORDERED.
21 DATED: 4/9/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge