IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD THOMAS, ) | No. C 12-1019 LHK (PR) |
| ) | |
| Petitioner, ) | ORDER DENYING |
| ) | RESPONDENT'S MOTION TO |
| vs. ) | DISMISS; FURTHER |
| ) | SCHEDULING |
| WARDEN SUSAN HUBBARD, ) | |
| ) | (Docket Nos. 5, 13) |
| Respondent. ) | |
| _____ ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as procedurally defaulted. Petitioner filed an opposition. Respondent filed a reply, and Petitioner filed a response to the reply. Based upon the papers submitted, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

On March 10, 2006, Petitioner was sentenced to a term of 25 years to life in state prison after being convicted of first degree burglary and related charges. On October 5, 2007, Petitioner filed an original state habeas petition in the California Supreme Court. *See Appellate Courts Case Information*, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1888631&doc_n

Order Denying Respondent's Motion to Dismiss; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.12\Thomas019mtdprodef.wpd

1  o=S156953 (last visited Jan. 9, 2013).¹  On March 19, 2008, the California Supreme Court
2  denied the petition.  *See id.*  The state appellate court affirmed Petitioner's direct appeal on July
3  16, 2008.  (MTD, Ex. 1.)  On February 29, 2009, the Superior Court denied Petitioner's state
4  habeas petition.  On April 29, 2009, the state appellate court denied Petitioner's state habeas
5  petition.  (MTD, Ex. 3.)  On May 7, 2009, Petitioner filed a petition for review in the California
6  Supreme Court, which was denied on July 13, 2009.  (MTD, Ex. 4.)

7      On February 10, 2010, Petitioner filed a federal habeas petition pursuant to 28 U.S.C.
8  § 2254 in *Thomas v. Kramer*, No. 10-0591 LHK (N.D. Cal.).²  On September 27, 2010, the Court
9  issued an order to show cause, finding that Petitioner had presented three cognizable claims for
10  relief:  (1) trial counsel rendered ineffective assistance due to a conflict of interest and, at trial,
11  conceded that Petitioner was guilty; (2) the prosecutor committed misconduct; and (3) appellate
12  counsel rendered ineffective assistance due to a conflict of interest.  (*Thomas v. Kramer*, No. 10-
13  0591 LHK, Docket No. 33.)  On June 6, 2011, the Court determined that Petitioner had filed a
14  mixed petition because he had not exhausted his claim that appellate counsel rendered
15  ineffective assistance, and directed Petitioner to choose how he would like to proceed.  (*Thomas
16  v. Kramer*, No. 10-0591 LHK, Docket No. 41.)  On November 9, 2011, after having received no
17  definitive answer from Petitioner, the Court dismissed the case without prejudice and closed the
18  matter.

19      On June 22, 2011, Petitioner filed another state habeas petition in the California Supreme
20  Court.  (MTD, Ex. 5.)  In his petition, Petitioner raised the following claims:  (1) the pre-trial
21  identification procedure was improperly suggestive, and violated his right to due process; (2)

---

23  ¹ The Court takes judicial notice of the proceedings initiated by Petitioner's state habeas
24  petition in Case No. S156953, filed in the California Supreme Court on October 5, 2007.  *See
   Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations
25  omitted) (recognizing that a district court "may take notice of proceedings in other courts, both
   within and without the federal judicial system, if those proceedings have a direct relation to
26  matters at issue.").

27  ² The Court takes judicial notice of the pleadings filed in *Thomas v. Kramer*, No. 10-
28  0591 LHK (N.D. Cal.).

1  trial counsel rendered ineffective assistance and had a conflict of interest when he told the jury
2  that Petitioner was guilty of burglary; (3) appellate counsel had a conflict of interest; and (4) the
3  prosecutor committed misconduct during closing argument.  On November 2, 2011, the
4  California Supreme Court denied the petition.  (*Id.*)

5  Petitioner filed the instant federal habeas petition on February 29, 2012.  Petitioner raised
6  the same claims in his federal petition as he did in his 2011 California Supreme Court petition.

## DISCUSSION

8  Respondent argues that petitioner is precluded from obtaining federal habeas relief
9  because Petitioner's claims are procedurally defaulted.  For the reasons stated below, the Court
10  DENIES Respondent's motion.

11  A federal court will not review questions of federal law decided by a state court if the
12  decision also rests on a state law ground that is independent of the federal question, and adequate
13  to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  In those cases in
14  which the state court decision is based on an independent and adequate state procedural rule,
15  federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the
16  default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that
17  failure to consider the claims will result in a fundamental miscarriage of justice.  *Id.* at 750.  The
18  state bears the burden of proving the adequacy of a state procedural bar.  *Bennett v. Mueller*, 322
19  F.3d 573, 585-86 (9th Cir. 2003).

20  Here, on November 11, 2011, the California Supreme Court summarily denied
21  Petitioner's final state habeas petition with a citation to *In re Robbins*, 18 Cal. 4th 770, 780
22  (1998), and *In re Clark*, 5 Cal. 4th 750, 767-69 (1993).  (MTD, Ex. 6.)  Respondent argues that a
23  citation to those two cases signifies that the California Supreme Court ruled that Petitioner's
24  petition was untimely.  (MTD at 3.)  The Court agrees that a denial without explanation other
25  than a citation to *Robbins* at 18 Cal. 4th at 780, the page where the court discusses the analytical
26  framework for timeliness determinations, is a denial for untimeliness.  *Thorson v. Palmer*, 479
27  F.3d 643, 645 (9th Cir. 2007).  It is well understood that California's timeliness rule is

1 independent, *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate, *Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011).

However, although portions of the *Clark* opinion also discuss timeliness, it is a lengthy opinion.  Here, the California Supreme Court's pin cite to *Clark*, 5 Cal. 4th at 767-69, does not discuss the state's timeliness rule.  Rather, that portion of the *Clark* opinion discusses California's procedural rule on repetitious, piecemeal, and successive claims.  *Compare Clark*, 5 Cal. 4th at 797-98 (requiring timely presentation of claims on habeas), *with id.* at 767-69 (holding that the court will not consider repeated habeas applications presenting previously rejected claims).  Indeed, a review of Petitioner's 2007 and 2011 state habeas petitions to the California Supreme Court supports the notion that the California Supreme Court's citation to *Clark* points to a denial based on repetitious or piecemeal claims because in both petitions, Petitioner raised his claims of ineffective assistance of trial counsel due to a conflict of interest, as well as prosecutorial misconduct.  Accordingly, this Court concludes that California Supreme Court's citation to *Clark* at pages 767-769 was not a procedural bar on the basis of untimeliness, but instead, was based on California's procedural rule on repetitious and piecemeal claims.

In sum, while Respondent has sufficiently pled the independence and adequacy of the procedural bar with the citation to *Robbins*, Respondent has not satisfied its burden of demonstrating that *Clark* is an adequate state bar because the California Supreme Court's citation to *Clark* does not relate to untimeliness, as argued by Respondent.  *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (noting that the State bears the burden of proving the adequacy of a state procedural bar).  Because it is unclear which citation the California Supreme Court meant to apply to which claims, Petitioner's claims are not procedurally barred. *See Koerner v. Grigas*, 328 F.3d 1039, 1052 (9th Cir. 2003) (when a state court order invokes multiple procedural bars without specifying which bars are applied to which claims, and the federal court is unable to resolve the ambiguity, the state order will not support a procedural default); *Washington v. Cambra*, 208 F.3d 832, 833-34 (9th Cir. 2000) (reversing dismissal of habeas petition where California Supreme Court invoked two state procedural bars without

specifying which rule applied to which claim and one of the two bars was not an independent and adequate state bar). Arguably, the *Robbins* procedural bar can apply only to the ineffective assistance of appellate counsel and suggestive eyewitness identification claims because it does not appear that Petitioner has previously raised those two claims. However, because the state court's ruling was ambiguous, out of an abundance of caution, the Court must DENY Respondent's motion to dismiss. This denial is without prejudice if Respondent wishes to argue that the citation to *Clark* relating to piecemeal, repetitious, or successive claims is also an independent and adequate procedural bar.

Petitioner's second request for appointment of counsel is denied without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

**CONCLUSION**

1.  Respondent's motion to dismiss is DENIED. Petitioner's request for an appointment of counsel is DENIED.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is

1 | filed.

2 |     4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
3 | all communications with the Court must be served on Respondent by mailing a true copy of the
4 | document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
5 | any change of address by filing a separate paper captioned "Notice of Change of Address."  He
6 | must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
7 | dismissal of this action for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

8 | IT IS SO ORDERED.

9 | DATED:   1/10/13

                                      LUCY H. KOH
                                      United States District Judge

Order Denying Respondent's Motion to Dismiss; Further Scheduling
G:\PRO-SE\SJ.LHK\HC.12\Thomas019mtdprodef.wpd