IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD THOMAS, | ) | No. C 12-1019 LHK (PR) |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| WARDEN SUSAN HUBBARD, | ) | |
| | ) | |
| Respondent. | ) | (Docket No. 20) |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the petition should not be granted.  Respondent filed a motion to dismiss the petition as procedurally defaulted.  Upon consideration of the motion, the court denied the motion to dismiss without prejudice.  Respondent has now filed a renewed motion to dismiss the petition as procedurally defaulted.  Petitioner has filed an opposition.  Respondent has not filed a reply.  For the reasons stated below, respondent's motion is DENIED.

## BACKGROUND

On March 10, 2006, petitioner was sentenced to a term of 25 years to life in state prison after being convicted of first degree burglary and related charges.  On October 5, 2007, petitioner

filed an original state habeas petition in the California Supreme Court.[1]  On March 19, 2008, the

California Supreme Court denied the petition.  The state appellate court affirmed petitioner's

direct appeal on July 16, 2008.  (Doc. No. 5, Ex. 1.)  On February 29, 2009, the Superior Court

denied petitioner's state habeas petition.  On April 29, 2009, the state appellate court denied

petitioner's state habeas petition.  (Doc. No. 5, Ex. 3.)  On May 7, 2009, petitioner filed a

petition for review in the California Supreme Court, which was denied on July 13, 2009.  (Doc.

No. 5, Ex. 4.)

On February 10, 2010, petitioner filed a federal habeas petition pursuant to 28 U.S.C.

§ 2254 in *Thomas v. Kramer*, No. 10-0591 LHK (N.D. Cal.).[2]  In that petition, petitioner raised

the following claims:  (1) trial counsel rendered ineffective assistance, (2) the prosecutor

committed misconduct, and (3) appellate counsel rendered ineffective assistance.  On June 6,

2011, the court determined that petitioner had filed a mixed petition because he had not

exhausted his claim that appellate counsel rendered ineffective assistance, and directed petitioner

to choose how he would like to proceed.  (*Thomas v. Kramer*, No. 10-0591 LHK, Doc. No. 41.)

On November 9, 2011, after having received no definitive answer from petitioner, the court

dismissed the case without prejudice and closed the matter.

On June 22, 2011, petitioner filed another state habeas petition in the California Supreme

Court.  (Doc. No. 5, Ex. 5.)  In his petition, petitioner raised the following claims:  (1) the pre-

trial identification procedure was improperly suggestive, and violated his right to due process;

(2) trial counsel rendered ineffective assistance and had a conflict of interest when he told the

jury that petitioner was guilty of burglary; (3) appellate counsel had a conflict of interest; and (4)

---

[1]  The court takes judicial notice of the proceedings initiated by petitioner's state habeas petition in Case No. S156953, filed in the California Supreme Court on October 5, 2007.  *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (recognizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2]  The court takes judicial notice of the pleadings filed in *Thomas v. Kramer*, No. 10-0591 LHK (N.D. Cal.).

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\LHK\HC.12\Thomas019mtdprodef2deny.wpd

1    the prosecutor committed misconduct during closing argument.  On November 2, 2011, the

2    California Supreme Court denied the petition.  (Doc. No. 5, Ex. 6.)

3         Petitioner filed the instant federal habeas petition on February 29, 2012.  Petitioner raised

4    the same claims in his federal petition as he did in his 2011 California Supreme Court petition.

5    On June 27, 2012, respondent filed a motion to dismiss this action on the grounds that it was

6    procedurally defaulted because the California Supreme Court summarily denied petitioner's final

7    state habeas petition with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *In re*

8    *Clark*, 5 Cal. 4th 750, 767-69 (1993).  (Doc. No. 5, Ex. 6.)   On January 11, 2013, the court

9    denied respondent's motion to dismiss.  It concluded that while the California Supreme Court's

10   citation to *Robbins* was an independent and adequate state bar, respondent was incorrect in its

11   assertion that the court's pin cite to *Clark* signified the court's denial based on timeliness.

12   Rather, the pin cite to *Clark* discussed the state's rule against the presentation of repetitious and

13   piecemeal claims.  Because respondent did not satisfy its burden of adequately pleading the

14   existence of an independent and adequate state bar as to *Clark*, the court denied respondent's

15   motion to dismiss without prejudice to renewal if respondent wished to argue that the California

16   Supreme Court's pin cite to *Clark* was an independent and adequate procedural bar.  Thus,

17   because it was unclear which citation the California Supreme Court meant to apply to which of

18   the four claims, the court ruled that petitioner's claims were not procedurally barred.  *See*

19   *Koerner v. Grigas*, 328 F.3d 1039, 1052 (9th Cir. 2003) (when a state court order invokes

20   multiple procedural bars without specifying which bars are applied to which claims, and the

21   federal court is unable to resolve the ambiguity, the state court order will not support a

22   procedural default); *Washington v. Cambra*, 208 F.3d 832, 833-34 (9th Cir. 2000) (reversing

23   dismissal of habeas petition where California Supreme Court invoked two state law procedural

24   bars without specifying which rule applied to which claim and one of the two bars was not an

25   independent and adequate state bar).

26        On May 7, 2013, respondent filed the instant motion to dismiss, arguing that petitioner is

27   precluded from obtaining federal habeas relief because petitioner's claims are procedurally

28

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\LHK\HC.12\Thomas019mtdprodef2deny.wpd

1  defaulted under *Robbins*[3] and *Clark*.

2  ### DISCUSSION

3      "[C]onsistent with the longstanding requirement that habeas petitioners must exhaust

4  available state remedies before seeking relief in federal court, we have held that when a

5  petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the

6  state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate

7  state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009).  A federal

8  court will not review questions of federal law decided by a state court if the decision also rests

9  on a state law ground that is independent of the federal question, and adequate to support the

10  judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  However, this does not mean

11  "that federal habeas review is barred every time a state court invokes a procedural rule to limit

12  its review of a state prisoner's claims." *Cone*, 556 U.S. at 465.

13      The California Supreme Court's denial of petitioner's 2011 state habeas petition included

14  a citation to *Clark*, as well as *Robbins*.  In *Clark*, the petitioner had presented claims that had

15  previously been rejected, as well as claims that had not previously been asserted, but could have

16  been.  The California Supreme Court explained that the repetitious presentation of claims already

17  presented in an earlier adjudicated petition where there has been no change in the facts or law

18  substantially affecting the rights of the petitioner bars consideration of those claims.  *In re Clark*,

19  5 Cal.4th 750, 767-770 (1993).  "It has long been the rule that absent a change in the applicable

20  law or the facts, the court will not consider repeated applications for habeas corpus presenting

21  claims previously rejected." *Id.* at 767.  The court explained that it would not consider claims

22  that had been previously rejected, nor would it consider newly presented claims that were known

---

24      [3] In the court's previous order, it stated, "The [c]ourt agrees that a denial without

25  explanation other than a citation to *Robbins* at 18 Cal. 4th at 780, the page where the court
    discusses the analytical framework for timeliness determinations, is a denial for untimeliness.

26  *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).  It is well understood that California's
    timeliness rule is independent, *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003), and

27  adequate, *Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011)."  Thus, this order will discuss only

28  whether *Clark* is independent and adequate.

1    to the petitioner at the time of a prior habeas petition as a matter of procedure.  *Id.* at 767-68.

2          Here, at least two of petitioner's claims were previously presented to the California

3    Supreme Court: (1) whether trial counsel was ineffective, and (2) whether the prosecutor

4    committed misconduct.  *See Thomas v. Kramer*, No. 10-0591 LHK (N.D. Cal.), Doc. No. 35, Ex.

5    2.  In 2008, the California Supreme Court rejected these claims in a summary denial on the

6    merits.

7          The Supreme Court has stated that, "[w]hen a state court declines to review the merits of

8    a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas

9    review."  *Cone*, 556 U.S. at 466.  In *Cone*, the Supreme Court rejected a Tennessee court's

10   reliance on its own rule that the repeated presentation of a claim in state court bars federal

11   review.  *Id.*  "A claim is procedurally barred when it has not been fairly presented to the state

12   courts for their initial consideration – not when the claim has been presented more than once."

13   *Id.* at 467.

14         The California Supreme Court's pin cite to *Clark* stands for the proposition that, in

15   general, California state courts will not address repetitious or piecemeal claims, i.e., successive

16   petitions.  However, the citation to *Clark* does not change the fact that petitioner had already

17   fairly presented his claims of ineffective assistance of trial counsel and prosecutorial misconduct

18   for their consideration to the California Supreme Court in 2007.  At that time, the California

19   Supreme Court summarily denied those claims without comment or citation, and thus, this court

20   presumes that the denial was on the merits.  *See Hunter v. Aispuro*, 982 F.2d 344, 347-48 (9th

21   Cir. 1992).  Although not yet specifically addressed by the Ninth Circuit, several other circuits

22   have previously determined that a state court's refusal to consider the merits of a claim because

23   the claim was previously addressed is not a proper basis for barring federal habeas review.  *See*

24   *LeBere v. Abbott*, 732 F.3d 1224, 1229 (10th Cir. 2013); *Page v. Frank*, 343 F.3d 901, 907 (7th

25   Cir. 2003); *Spencer v. Seretary, Dept. of Corrections*, 609 F.3d 1170, 1181-82 (11th Cir. 2010).

26   Therefore, because at least two of petitioner's claims had been fairly presented and considered

27   by the California Supreme Court, *Clark* does not bar these claims from federal review.  *Cf. Ylst*

28

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\LHK\HC.12\Thomas019mtdprodef2deny.wpd

1   *v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991) ("Since a later state decision based upon

2   ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing

3   procedural default, its effect upon the availability of federal habeas is nil – which is precisely the

4   effect accorded by the "look-through" presumption.").

5          Having determined that the California Supreme Court's citation to *Clark* is not a

6   procedural bar to federal review, this court is again faced with an ambiguous California Supreme

7   Court order in which the citation to *Robbins* is a procedural bar, and the citation to *Clark* is not.

8   Respondent contends that the California Supreme Court intended the untimeliness bar, i.e.,

9   *Robbins*, to apply to all four claims presented in petitioner's 2011 petition.  However, case law is

10  clear that when the order does not clearly signify which citation the California Supreme Court

11  meant to apply to which claims, and not all the citations are independent and adequate to bar

12  federal habeas review, the procedural bar cannot apply.  *See Washington*, 208 F.3d at 833-34;

13  *see also Koerner*, 328 F.3d at 1052 (recognizing that a federal court can resolve the ambiguity

14  when "the order affirms a previous lower court order that relies on the same grounds and

15  specifies which grounds are applicable to which claims, there is no reason to assume that the

16  appellate court applied different grounds to different claims").

17         Accordingly, respondent's motion to dismiss is DENIED.

18                                    **CONCLUSION**

19         1.      Respondent's motion to dismiss the petition (docket no. 20) is DENIED.

20         2.      Respondent shall file with the court and serve on petitioner, within **sixty days** of

21  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

22  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

23  Respondent shall file with the answer and serve on petitioner a copy of all portions of the

24  underlying state criminal record that have been transcribed previously and that are relevant to a

25  determination of the issues presented by the petition.  If petitioner wishes to respond to the

26  answer, he shall do so by filing a traverse with the court and serving it on respondent within

27  **thirty days** of the date the answer is filed.

28

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\LHK\HC.12\Thomas019mtdprodef2deny.wpd

1         3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

2 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

3 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion,

4 petitioner shall file with the court and serve on respondent an opposition or statement of non-

5 opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file

6 with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is

7 filed.

8         4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

9 all communications with the court must be served on respondent by mailing a true copy of the

10 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

11 change of address by filing a separate paper captioned "Notice of Change of Address."  He must

12 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

13 of this action for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

14       IT IS SO ORDERED.

15 DATED:      1/6/14

16                               LUCY H. KOH
                                 United States District Judge