1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | | |
|---|---|---|
| JAMES EDWARD THOMAS, | ) | No. C 12-1019 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION FOR |
| | ) | RECONSIDERATION; VACATING |
| v. | ) | ORDER; GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION TO |
| WARDEN SUSAN HUBBARD, | ) | DISMISS; FURTHER SCHEDULING |
| | ) | ORDER |
| Respondent. | ) | |
| | ) | (Docket No. 32) |

17      Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28

18  U.S.C. § 2254.  After the court issued an order to show cause, the respondent filed a motion to

19  dismiss, arguing that petitioner's claims were procedurally defaulted.  The court denied the

20  motion to dismiss.  Respondent has filed a motion for leave to file a motion to reconsider.

21  Petitioner has filed an opposition.  For the reasons stated below, the motion to reconsider is

22  GRANTED, the court VACATES the order denying respondent's motion to dismiss (doc. no.

23  31), and GRANTS in part and DENIES in part respondent's motion to dismiss.

24                                              **BACKGROUND**

25      On March 10, 2006, petitioner was sentenced to a term of 25 years to life in state prison

26  after being convicted of first degree burglary and related charges.  On October 5, 2007, petitioner

27
28

1  filed an original state habeas petition in the California Supreme Court.[1]  On March 19, 2008, the

2  California Supreme Court denied the petition.  Petitioner filed unsuccessful appeals to the

3  California Court of Appeal and the California Supreme Court.

4      On February 10, 2010, petitioner filed a federal habeas petition pursuant to 28 U.S.C.

5  § 2254 in *Thomas v. Kramer*, No. 10-0591 LHK (N.D. Cal.).[2]  In that petition, petitioner raised

6  the following claims:  (1) trial counsel rendered ineffective assistance, (2) the prosecutor

7  committed misconduct, and (3) appellate counsel rendered ineffective assistance.  The court

8  concluded that the petition was a mixed petition and directed petitioner to choose how he would

9  like to proceed.  Ultimately, because of a failure to prosecute, *Thomas v. Kramer*, No. 10-0591

10  LHK (N.D. Cal.), was dismissed without prejudice.

11      On June 22, 2011, petitioner filed another state habeas petition in the California Supreme

12  Court.  In his petition, petitioner raised the following claims:  (1) the pre-trial identification

13  procedure was improperly suggestive, and violated his right to due process; (2) trial counsel

14  rendered ineffective assistance and had a conflict of interest when he told the jury that petitioner

15  was guilty of burglary; (3) appellate counsel had a conflict of interest; and (4) the prosecutor

16  committed misconduct during closing argument.  On November 2, 2011, the California Supreme

17  Court summarily denied petitioner's state habeas petition with a citation to *In re Robbins*, 18

18  Cal. 4th 770, 780 (1998) (explaining state courts' untimeliness determination), and *In re Clark*, 5

19  Cal. 4th 750, 767-69 (1993) (explaining the state rule against successive, piecemeal or

20  repetitious claims).

21      Petitioner filed the underlying federal habeas petition on February 29, 2012.  Petitioner

22

23      [1]  The court takes judicial notice of the proceedings initiated by petitioner's state habeas

24  petition in Case No. S156953, filed in the California Supreme Court on October 5, 2007.  *See*
    *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations

25  omitted) (recognizing that a district court "may take notice of proceedings in other courts, both
    within and without the federal judicial system, if those proceedings have a direct relation to

26  matters at issue.").

27      [2]  The court takes judicial notice of the pleadings filed in *Thomas v. Kramer*, No. 10-0591

28  LHK (N.D. Cal.).

1  raised the same claims in this federal petition as he did in his 2011 California Supreme Court

2  petition.  Respondent filed a motion to dismiss, arguing that California Supreme Court's

3  summary denial containing the citations to *Robbins* and *Clark* barred federal review of the

4  federal claims.  The court denied respondent's motion, concluding that the citation to *Clark* was

5  not an independent and adequate state bar, but the citation to *Robbins* was.  The court further

6  stated that because it was unclear which citation the California Supreme Court intended to apply

7  to which claim(s), the procedural bar was inapplicable.

8                                            **DISCUSSION**

9          Respondent has filed a motion for reconsideration.  Specifically, respondent urges the

10  court to reconsider its ruling that the state court's order was ambiguous.  Respondent states that

11  this court could have resolved that "the *Clark* bar on successive petitions applied only to the two

12  claims that had already been raised in a previous state habeas petition, i.e., ineffective assistance

13  of trial counsel and prosecutorial misconduct."  (Doc. No. 32 at 3.)  Respondent further argues

14  that, "the *Robbins* bar applied *at least* to the two non-successive claims of ineffective assistance

15  of appellate counsel and suggestive identification."  (*Id.*)

16          Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where

17  one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;

18  (2) newly discovered evidence that by due diligence could not have been discovered before the

19  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of

20  the judgment; (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v.*

21  *ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

22          After reviewing the record, the court agrees that the denial of respondent's motion to

23  dismiss was erroneous, and grants reconsideration under Rule 60(b)(6) for reasons slightly

24  different from respondent's arguments.  After initialing determining that the *Clark* citation could

25  not bar the two claims previously presented, i.e., ineffective assistance of trial counsel and

26  prosecutorial misconduct, the court did not continue its analysis to determine whether both *Clark*

27  and *Robbins* could bar the remaining two claims, i.e., ineffective assistance of appellate counsel

28

1    and suggestive identification procedures.

2          In *Koerner v. Grigas*, 328 F.3d 1039, 1051-52 (9th Cir. 2003), the Ninth Circuit left open

3    the possibility that under some circumstances, a federal court may be able to resolve an

4    ambiguous order.  Here, upon reconsideration, the court concludes that, as applied to petitioner's

5    Claims 1 and 3, i.e., the claims of ineffective assistance of appellate counsel and suggestive

6    identification procedures, both the *Robbins* and *Clark* citations are procedural bars to federal

7    habeas review.

8          In petitioner's 2007 state supreme court petition, petitioner raised the following two

9    claims:  (1) trial counsel rendered ineffective assistance, (2) the prosecutor committed

10   misconduct.  The California Supreme Court denied the petition without comment.  Then, in

11   2011, petitioner filed another state supreme court petition, in which he raised the same two

12   claims, and added: (1) the pre-trial identification procedure was improperly suggestive, and

13   violated his right to due process, and (2) appellate counsel had a conflict of interest.

14         Petitioner's claims are barred from federal review only if the court determines that both

15   *Clark* and *Robbins* are independent and adequate state bars against each claim.  *Washington v.*

16   *Cambra*, 208 F.3d 832, 833-34 (9th Cir. 2000).  "This is so because the California Supreme

17   Court invoked both rules without specifying which rule applied to which" claim or claims.  *Id.* at

18   834.

19         Claims 2 and 4 were previously presented to the California Supreme Court in 2007, and

20   fairly presented, so the *Robbins* rule regarding timeliness would not procedurally bar those

21   claims from consideration in the federal court.  Similarly, because Claims 2 and 4 were

22   previously presented to the California Supreme Court, and were denied on the merits, *Clark*'s

23   rule against repetitious claims do not bar federal habeas review.  Thus, the remaining question is

24   whether *Robbins* and *Clark* are independent and adequate bars as applied to Claims 1 and 3.  If

25   both *Robbins* and *Clark* are independent and adequate as to Claims 1 and 3, the California

26   Supreme Court's order is not ambiguous and the court is precluded from considering Claims 1

27   and 3.

28

Here, as stated in previous orders, *Robbins* is an independent and adequate state bar. *Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011); *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003).  As for *Clark*, *Clark* states that, "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected.  The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment."  *Clark*, 5 Cal. 4th at 767-68.  Claims 1 and 3 were not presented to the California Supreme Court until 2011 – five years after petitioner was sentenced for the crimes for which he is attacking.  Claim 1 was clearly known to petitioner at the time of trial in 2006.  Claim 3 was known to the petitioner, at the latest, on January 18, 2007.[3]  Petitioner filed his first state habeas petition, i.e., Case No. S156953, in the California Supreme Court on October 5, 2007.  Therefore, both Claims 1 and 3 were "newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment."  *Clark*, 5 Cal. 4th at 767-68.

Because *Clark* is an independent and adequate state procedural bar against Claims 1 and 3, *see Williams v. Newland*, 2002 WL 31528502, *3-*4 (N.D. Cal. 2002) (explaining that after 1998, *Clark* was an independent and adequate state bar), this court is precluded from reviewing Claims 1 and 3 unless petitioner has shown cause and prejudice.

If the court finds an independent and adequate state procedural ground supporting the state court denial of a habeas petition, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S.

---

[3]  In Claim 3, petitioner alleges that appellate counsel was ineffective due to a conflict of interest.  Petitioner claimed that the prosecutor requested that the appellate court appoint counsel for petitioner, and once counsel was appointed, counsel "did not wish to raise sufficient grounds [and said] that 'he was not going to bite the hand that fed him.'" Petitioner went on to state that appellate counsel only raised one issue and refused to raise the issues that petitioner requested. Because the appellate case was fully briefed on January 18, 2007, this is the latest date upon which petitioner knew the factual basis of his claim.

1  at 750.  Here, petitioner does not address cause or prejudice.  However, petitioner does intimate

2  that the failure to address his claims on the merits would result in a miscarriage of justice.

3    By the traditional understanding of habeas corpus, a "miscarriage of justice" occurs

4  whenever a conviction or sentence is secured in violation of a constitutional right.  *See Smith v.*

5  *Murray*, 477 U.S. 527, 543-44 (1986).  However, the Supreme Court limits the "miscarriage of

6  justice" exception to habeas petitioners who can show that "a constitutional violation has

7  probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S.

8  298, 327 (1995).  Under this exception, a petitioner may establish a procedural "gateway"

9  permitting review of defaulted claims if he demonstrates "actual innocence."  *Id.* at 316 & n.32.

10    "To be credible, such a claim requires petitioner to support his allegations of

11  constitutional error with new reliable evidence – whether it be exculpatory scientific evidence,

12  trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."

13  *Id.* at 324.  A petitioner's burden at the gateway stage is to demonstrate that more likely than not,

14  in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable

15  doubt "or, to remove the double negative, that more likely than not any reasonable juror would

16  have reasonable doubt."  *Id.* at 329.  "[A]ctual innocence" means factual innocence, not merely

17  legal insufficiency.  *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

18    Here, petitioner does not allege that there is any new reliable evidence that was not

19  presented at trial.  Petitioner argues that there was a "very substantial likelihood of irreparable

20  misidentification," (doc. no. 22 at 7), and that counsel was ineffective because he harbored a

21  conflict of interest (doc. no. 22 at 8).  Neither of these arguments persuades the court to believe

22  that it is more likely than not that any reasonable juror would have reasonable doubt as to

23  petitioner's guilt or factual innocence.

24    Therefore, review of petitioner's Claims 1 and 3 are procedurally barred.  Accordingly,

25  respondent's motion for reconsideration is GRANTED.  Respondent's motion to dismiss is

26  GRANTED in part and DENIED in part.  Petitioner's Claims 1 and 3 are DISMISSED with

27  prejudice.  Respondent is directed to show cause why a writ of habeas corpus should not be

28

Order Granting Motion for Leave to File Motion for Reconsideration; Vacating Order; Granting in Part and Denying in Part Motion to Dismiss;
Further Scheduling Order
P:\PRO-SE\LHK\HC.12\Thomas019recon.wpd   6

granted as to petitioner's Claims 2 and 4.

**CONCLUSION**

1.      Respondent's motion for leave to file a motion for reconsideration is GRANTED. The court's order denying respondent's motion to dismiss is VACATED.  (Doc. No. 31.) Respondent's motion to dismiss is GRANTED in part and DENIED in part.  (Doc. No. 31.) Claims 1 and 3 are DISMISSED with prejudice.  Respondent is ordered to respond to petitioner's Claims 2 and 4.

2.      Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

1    of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

2             IT IS SO ORDERED.

3    DATED: ___6/4/14___

4                                                    LUCY H. KOH
                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28